# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**JOHN CHERRY**                                                   **CIVIL ACTION NO. _____**

**VERSUS**

**SHAW COASTAL, INC. AND**
**MICHAEL REASONER**

**************************************************

# COMPLAINT

The Petition of John Cherry, a resident of the full age of majority of LaFourche Parish, Louisiana, respectfully represents:

1.

Jurisdiction is founded herein pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1367 affording supplemental jurisdiction over Petitioner's claims arising under Louisiana law. Venue is proper within this judicial district as a majority of the incidents specifically, many of the touchings occurred in Livingston Parish, Louisiana, sued upon herein occurred within this judicial district.

2.

The Defendants enumerated below are:

1. Shaw Coastal, Inc., The Shaw Group, (Hereinafter "Shaw"), a Louisiana corporation authorized and actually doing business in East Baton Rouge Parish, Louisiana, justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, all costs of these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity, including injunctive relief.

2. Michael Reasoner, as resident of the full age of majority of Patterson, Louisiana, justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, attorney's fees, all costs of these proceedings, interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity, including injunctive relief.

3.

In January, 2007, Petitioner was hired by defendant Shaw as an Instrument Man. At all times pertinent hereto, defendant Shaw was Petitioner's employer within the meaning and intent of law and employed greater than 500 employees.

4.

At all times pertinent hereto, Michael Reasoner was Petitioner's supervisor and was an "agent" and employee of Defendant Shaw within the meaning and intent of federal and Louisiana law.

5.

Beginning in April, 2007, and continuing through his constructive discharge, Petitioner was subjected to the following, unwelcome, and non-consensual sexual harassment:

A. Reasoner rubbing and caressing Petitioner's arm, legs, inner thighs, back and hair;

B. Reasoner rubbing Petitioner's thighs and trying to massage Petitioner's neck;

C. Being subjected to unwanted sexual comments and touching on a repeated and frequent basis by Reasoner; and,

D. Being subjected to text messages of a clearly sexual and harassing nature by Reasoner;

E. Such other acts as will be more fully shown at trial of this matter.

6.

Petitioner repeatedly objected and protested Reasoner's behavior, to no avail.

7.

Petitioner reported the behavior in his working environment to defendant Shaw, through his immediate supervisors, Scott Thornton, Party Chief, and Mike D'Angelo, Project Manger, to no avail.

8.

Petitioner even reported Reasoner's sexual harassment to defendant Shaw, through its Human Resources Department, to no avail.

9.

No action was taken by Defendant, Shaw, regarding Petitioner's complaints of sexual harassment and retaliation. However, Reasoner's and Shaw's harassment of Petitioner escalated following his complaints and Petitioner was taunted by Reasoner and continued to be harassed as a result of his complaints, including Reasoner, on two occasions, physically shoving Petitioner against the wall with the last such incident occurring immediately prior to Petitioner's constructive discharge.

10.

On September 27, 2007, Petitioner was constructively discharged from his employment.

11.

Petitioner contends that his constructive discharge constituted the taking of tangible employment action as the culmination of the sexual harassment in his working environment and/or constituted adverse employment action and harassment in retaliation for Petitioner's complaints of sexual harassment in the workplace.

12.

The actions and deliberate inactions of defendant Shaw were sudden, unexpected, extreme, and outrageous, and caused Petitioner severe emotional distress. Said behavior constituted the tort of intentional infliction of emotional distress pursuant to La. Civ.C.Art. 2315, *et seq.*

13.

Defendants' actions directed at Petitioner constituted the torts of assault and battery for which they are directly and respondeat superior liable.

14.

The actions of defendant Shaw constituted illegal "reprisal" within the meaning and intent of La. R.S. 23:967.

15.

As a result of the incidents sued upon herein, Petitioner sustained damages which include, but are not limited to, severe emotional distress, humiliation and embarrassment, past and future lost wages and benefits, loss of employment capacity, past and future medical bills, and all such other damages as will be more fully shown at trial and all for which Petitioner specifically sues for herein.

16.

On September 13, 2007, Petitioner timely filed a Charge of Discrimination with the Louisiana Commission on Human Rights and the Equal Employment Opportunity Commission and received the attached Notice of Right to Sue dated March 31, 2008.

17.

The actions of defendant Shaw were in wanton and reckless disregard for Petitioner's clearly established rights. Hence, it is liable for punitive damages pursuant to 42 U.S.C. §1981a.

18.

Petitioner is entitled to and desires an award of attorney's fees and all costs of these proceedings pursuant to Louisiana and Federal law.

19.

Petitioner is entitled to and desires an award of all such relief to which he is entitled at law or in equity pursuant to Federal and Louisiana law.

20.

Petitioner is entitled to and desires trial by jury of this matter.

WHEREFORE, Petitioner, John Cherry, prays for trial by jury and after due proceedings are had that there be judgment herein in her favor and against defendants, Shaw Coastal, Inc. And Michael Reasoner, jointly and in solido, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees and all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

RESPECTFULLY SUBMITTED:

    s/Jill L. Craft
JILL L. CRAFT, La. Bar Roll No. 20922
Attorney at Law, LLC
721 North Street
Baton Rouge, Louisiana 70802
Telephone: (225) 663-2612
Fax: (225) 663-2613
Email: jcraft@bitworx.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN CHERRY                                    CIVIL ACTION NO. _____

VERSUS

SHAW COASTAL, INC.

************************************************************

**VERIFICATION**

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

    BEFORE ME, the undersigned Notary Public, personally came and appeared:

**JOHN CHERRY**

a resident of the full age of majority of LaFourche Parish, Louisiana, who upon being duly sworn did depose and state that he is the Petitioner in the above and foregoing Petition, that he has read same and all facts and allegations contained therein are true and correct.

                              _____/s/ John Cherry_____

    SWORN TO AND SUBSCRIBED before me, Notary Public, this ___17___ day of April, 2008.

Case 3:08-cv-00228-JJB-CN   Document 1   04/21/08   Page 6 of 8

EEOC Form 161 (2/08)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | John W. Cherry  
151 Leonard Street  
Raceland, LA 70394 | From: | New Orleans Field Office  
1555 Poydras Street  
Suite 1900  
New Orleans, LA 70112 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 461-2007-02547 | Uma Kandan,  
Supervisory Investigator | (504) 595-2856 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*(signature)*

Keith T. Hill,  
Field Director

**MAR 31 2008**

*(Date Mailed)*

Enclosures(s)

cc: Yvonne R. Olinde  
Shaw/The Shaw Group Inc  
4171 Essen Lane  
Baton Rouge, LA 70809

Jill L. Craft Alford  
Attorney at Law, LLC  
721 North Street  
Baton Rouge, LA 70802

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 461-2007-02547 |

Louisiana Commission On Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. John W. Cherry | (985) 258-1114 | 12-06-1966 |

Street Address: 151 Leonard Street, Raceland, LA 70394

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SHAW ENVIRONMENTAL & INFRASTRUCTURE | 500+ | (985) 868-3434 |

Street Address: 197 Elysian Drive, Houma, LA 70363

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-30-2007  Latest: 08-30-2007
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I. I began employment with Respondent as a Instrument Operator in January 2007. Beginning in April 2007 until I filed a formal complaint on May 22, 2007, I reported sexual misconduct towards me by Michael Reasoner, the Safety and Health Manager. On August 30, 2007, Reason threw his shoulder into my chest.

II. Respondent has not provided me with an adequate reason for allowing this conduct to continue.

III. I believe that Respondent has violated Title VII of the Civil Rights Act of 1964, as amended, by allowing me to be subjected to a sexual hostile work environment based on my sex (male).

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 12-05-07
Charging Party Signature: [signed]

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*