UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN CHERRY** <br> **Plaintiff** | * | |
| | * | **CIVIL ACTION** |
| **v.** | * | **NO. 08-228-FJP-CN** |
| **SHAW COASTAL, INC. AND** <br> **MICHAEL REASONER** <br> **Defendants** | * <br> <br> * | |

\* \* \* \* \* \* \* \* \* \*

## COUNTERCLAIM AND CROSSCLAIM

NOW INTO COURT, trough undersigned counsel, comes Michael Reasoner, (hereafer, "Reasoner") made defendant in the main demand herein, who asserts the following counterclaim and crossclaim:

1

Made defendants-in-counterclaim are:

John Cherry, (hereafter, "Cherry") a person of the full age of majority and a resident fo the Parish of LaFourche, State of Louisiana;

Scott Thornton, (hereafter, "Thornton") a person of hte full age of majority and a resident of State of Texas;

2

Made defendant-in-crossclaim is:

Shaw Coastal, Inc., (hereafter, "Shaw") a Louisiana corporation doing business in the Parish of East Baton Rouge.

3

Subject matter jurisdiction over this matter is founded upon the doctrine of supplemental jurisdiction over state law claims.

4

In paragraphs 7 and 8 of the Complaint in this matter Cherry alleges that he reported to his immediate supervisors and to Shaw's Human Resources Department what he, Cherry, alleged was sexually harassing behavior by Reasoner.

5

On or about Sept 5, 2007, the Reasoner learned from a co-employee, Lacy Vedros, that prior to Cherry's report to Shaw's Human Resources Department of Reasoner's alleged sexually harassing conduct, Cherry and Thornton been informing other co-workers of their mutual employer, Shaw, that Cherry had been subjected to homosexual harassment by Reasoner.

6

Vedros was neither Cherry's supervisor nor an employee of Shaw employed in its Human Resources Department and neither Vedros, nor any other Shaw employee who was neither Cherry's supervisor nor an employee of Shaw employed in its Human Resources Department had any need or reason to know the allegations made by Cherry against Reasoner.

7

Upon information and belief it is alleged that Cherry and Thornton intentionally and maliciously made known Cherry's allegations of sexual harassment by Reasoner to Shaw employees having no need or reason to know of same for the purpose of damaging Reasoner's reputation and causing him to suffer humiliation and the loss of his employment.

8

Upon information and belief it is alleged that Shaw has established personnel policies regarding the reporting of harassing conduct and these policies either require or should require that information regarding such alleged conduct be kept confidential.

9

Upon information and belief it is alleged that Shaw either failed to institute a policy of informing its employees of the required confidentiality of allegations of harassing conduct or, if it had such a policy, failed to communicate the policy to Cherry and Thornton and failed to advise Cherry subsequent to his compliant to keep the matter confidential.

10

Upon information and belief it is alleged that Cherry and Thornton mutually agreed to engage in conduct which would either provoke Reasoner to quit his job or engage in conduct that would result in the termination of his employment with Shaw.

11

After Cherry's allegations were found unsubstantiated by an internal investigation conducted by Shaw, Cherry continued to claim to other employees of Shaw having no need or reason to know of same that he had been sexually harassed by Reasoner.

12

Upon information and belief it is alleged that Cherry and Thornton mutually agreed to engage in conduct which would provoke Reasoner into either quitting his job or result in the termination of his employment with Shaw.

13

The actions of Cherry and Thornton complained of herein caused damage to Reasoner's reputation and resulted in emotional distress and embarrassment and culminated in the termination of Reasoner's employment with Shaw after Cherry's continued spreading of the charges of homosexual harassment resulted in physical hostility in the workplace.

14

Despite repeated requests to it by Reasoner Shaw failed or refused to take any action to admonish Cherry or stop his campaign of innuendo and rumor, and the consequent hostility between Reasoner and Cherry resulted in charges by Cherry of a physical altercation in the workplace for which Reasoner was unjustifiably blamed and wrongfully terminated.

WHEREFORE, Michael Reasoner prays that this counterclaim and crossclaim be duly filed and served on the defendants-in-counterclaim John Cherry and Scott Thornton and on the defendant-in-crossclaim, Shaw Coastal, Inc., and that after due proceedings are had there be judgment in favor of Michael Reasoner and against John Cherry, Scott Thornton and Shaw Coastal, Inc., for all damages suffered by Michael Reasoner as a consequence of the actions complained of herein, for exemplary damages against the defendant-in-counterclaim John Cherry, for reasonable attorney's fees and all costs of this proceeding and for all other appropriate legal and equitable relief.

Respectfully Submitted,

Gilbert R. Buras, Jr. (LSBA No. 3652)
710 Carondelet Street
New Orleans, Louisiana, 70130
Telephone: (504) 581-4334
Facsimile: (866) 257-3697

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon opposing counsel by electronic transmission through the Court's electronic filing case management system on this day September 5, 2008.

_____
Gilbert R. Buras, Jr. (La Bar #3652)