UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN CHERRY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 08-228-FJP-CN |
| | ) | |
| SHAW COASTAL, INC. AND | ) | |
| MICHAEL REASONER | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO SUMMARY JUDGMENT

Defendant Shaw Coastal, Inc. ("Shaw") submits this motion for summary judgment as to Plaintiff John Cherry's claims pursuant to Federal Rule of Civil Procedure 56. As will be more fully explained in the accompanying memorandum, Plaintiff John Cherry ("Cherry") asserted numerous claims against Shaw in this suit: (1) *quid pro quo* and hostile environment same-sexual harassment claims under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.,* and the Louisiana Employment Discrimination Law, Louisiana La. Rev. Stat. § 23:301, *et seq.;* (2) retaliation claims Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.,* and the Louisiana Employment Discrimination Law, Louisiana La. Rev. Stat. § 23:301, *et seq.;* (3) a state law claim for intentional infliction of emotional distress; (4) a whistleblower retaliation claim under Louisiana's Whistleblower Statute, La. Rev. Stat. Ann. § 23:967; and, (5) a claim for respondeat superior/ vicarious liability for the intentional torts allegedly committed by Co-Defendant Michael Reasoner.

Cherry's same-sex sexual harassment claims should be dismissed as he cannot establish

the alleged harassment was because of sex; in other words, he cannot show either Reasoner was homosexual or any other criteria for establishing the alleged harassment was because of sex. In addition, the alleged harassment did not affect a term, condition or privilege of employment as it was not severe or pervasive. Further, Shaw took prompt remedial action once it knew of the alleged harassment.

Cherry's retaliation claims must fail as many of the incidents he claims were retaliatory do not constitute a materially adverse employment action. As for employment actions which qualify as adverse for the purpose of establishing a *prima facie* case of retaliation (i.e., the alleged reduction of overtime hours, the elimination of per diem payments and his alleged "constructive discharge"), Shaw had legitimate, non-retaliatory reasons for its actions. Finally, Cherry lacks evidence of pretext to establish Shaw's motives were retaliatory because he engaged in protected activity.

Cherry's state law claims also should be dismissed. Cherry cannot maintain a claim for intentional infliction of emotional distress claim as he cannot demonstrate Shaw's conduct was sufficiently extreme, outrageous, wanton, willful or the type to evoke outrage or revulsion; likewise, Cherry admits he did not suffer extreme emotional distress and there is no evidence to establish Shaw intended to cause harm through its conduct. Cherry's whistleblower complaint also should be dismissed as Cherry did not report a violation of state law (aside from his discrimination complaint, which is already covered by his Title VII retaliation claim) to Shaw; in any event, Shaw's employment actions were not causally connected to any of Cherry's activities which might be protected by the whistleblower statute. Finally, Shaw should not be held vicariously liable for the intentional torts allegedly committed by Co-Defendant Michael Reasoner; these alleged torts were not employment rooted and not reasonably incidental to the

performance of his duties at Shaw.

**WHEREFORE**, Defendant Shaw Coastal, Inc. respectfully prays that its motion for summary judgment be granted and Plaintiff's claim against it dismissed, with prejudice, and at Plaintiff's costs.

Respectfully submitted,

/s/ Renee Culotta
**LESLIE W. EHRET (La. Bar #18494), T.A.**
**RENEE CULOTTA (La. Bar #24436)**
**SUZANNE M. RISEY (La. Bar #25488)**
**Frilot L.L.C.**
1100 Poydras Street, Suite 3700
New Orleans, LA  70163
Telephone: 504-599-8000
Facsimile: 504-599-8100
**COUNSEL FOR DEFENDANT,**
**SHAW COASTAL, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of October 2009, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing upon all CM/ECF registrants.

/s/ Renee Culotta