UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN CHERRY                                           CIVIL ACTION NO. 08-228-JJB-CN

VERSUS

SHAW COASTAL, INC. AND
MICHAEL REASONER

************************************

# PROPOSED VERDICT FORM

*Plaintiff's Claim for Sexual Harassment Under Title VII and the Louisiana Employment Discrimination Law Against Shaw Coastal.*

1) Do you find that Mr. Cherry was subjected to unwelcome sexual harassment during his employment with Shaw *Coastal, Inc.*?

   Yes_____     No _____

2) *Do you find that the sexual harassment was based on Mr. Cherry's sex?*

   *Yes_____     No_____*

3) Do you find that the sexual harassment affected a term, condition, or privilege of his employment?

   Yes _____     No _____

4) Do you find that the sexual harassment culminated in the taking of a tangible employment action against Mr. Cherry[1]?

   Yes _____     No _____

**If your answer is yes, please proceed to answer below.  If your answer is no, please proceed to answer questions 4 and 5.[2]**

5) *Do you find  Michael Reasoner was Plaintiff's supervisor?*

   *Yes _____ No _____*

---

[1] Defendant Shaw Coastal, Inc. objects to this jury interrogatory; the Court has dismissed Plaintiff's claim for *quid pro quo* sexual harassment, and thus this interrogatory is improper. See Rec. Doc. 88.

[2] Defendant Shaw Coastal, Inc. objects to this instruction as Plaintiff's quid pro quo sexual harassment claim has been dismissed by this Court.

If your answer is no, please answer below.  If your answer is yes, please proceed to questions ___ and ___.

6.  *Did Defendant Shaw Coastal know, or in the exercise of reasonable care should Defendant Shaw Coastal have known, that Plaintiff was being sexually harassed?*

    *Yes _____ No _____*

7.  *Did Defendant Shaw Coastal exercise reasonable care to prevent and promptly correct any sexual harassing behavior?*

    *Yes _____ No _____*

8.  *Did Plaintiff suffer damages as a proximate or legal result of sexual harassment?*

    *Yes _____ No _____*

What amounts do you fix as compensatory damages for Mr. Cherry on his claims of sexual harassment that will fully and fairly compensate him for the following damages as you believe from the evidence that he has sustained or is reasonable likely to endure in the future as a result of the Defendant employer's actions or inactions[3]:?

   a)   Mr. Cherry's mental and emotional distress and anguish: _____

   b)   Mr. Cherry's loss of enjoyment of life[4]: _____

   c)   Mr. Cherry's embarrassment[5]:_____

   d)   Mr. Cherry's humiliation[6]: _____

   e)   Mr. Cherry's medical expenses; past, present and future, including psychiatric or psychological care and services[7]:_____

---

3 Defendant Shaw Coastal objects to this language as it is not contained in the Fifth Circuit model verdict form.
4 Defendant Shaw Coastal objects to this element of damages as not applicable in this case and is not contained in the Fifth Circuit model verdict form.
5 Defendant Shaw Coastal objects to this element of damages as not applicable in this case and is not contained in the Fifth Circuit model verdict form.
6 Defendant Shaw Coastal objects to this element of damages as not applicable in this case and is not contained in the Fifth Circuit model verdict form.
7 Defendant Shaw Coastal objects to this element of damages. Plaintiff has not incurred any medical expenses, has not been treated by a psychiatrist and/or psychologist and there will be no evidence to establish a claim for future medical expenses.

9.  Do you find that Shaw *Coastal exercised reasonable care* /acted reasonably[8] to prevent and *promptly* correct *any* sexually harassing *behavior*/ situation in Mr. Cherry's working environment[9]?

    Yes _____    No _____

10. Do you find that Mr. Cherry unreasonably failed to take advantage *of any preventative or* corrective opportunities *provided to* /actually offered[10] to him by Shaw *Coastal* or to avoid harm otherwise[11]?

    Yes _____    No _____

11. Was Plaintiff's claim against Shaw Coastal for sexual harassment frivolous?

    *Yes _____    No _____*


*Plaintiff's Claim for Retaliation under Title VII Against Shaw Coastal.*
Retaliation:

*12. Did Defendant Shaw Coastal take any ultimate employment action because of Plaintiff's protected activity?*

    *Yes _____    No_____*



1.  13. Do you find that Mr. Cherry was subjected to retaliation for complaining about, opposing, or reporting sexual harassment?

    Yes _____    No _____

**If your answer is yes, please proceed to answer below.**

*14. Did Plaintiff suffer damages as a proximate or legal result of retaliation?*

    *Yes _____    No _____*

---

8 Defendant Shaw Coastal objects to this language as it misstates the affirmative defense in *Faragher/ Ellerth*.
9 Defendant Shaw Coastal objects to the placement of its affirmative defense under *Faragher/ Ellerth* in this verdict form; Shaw suggests that the affirmative defenses should be placed before interrogatories regarding Plaintiff's damages.  Further, the jury should be instructed on the verdict form that if they find in favor of Shaw Coastal on the affirmative damages, they should not award damages to Plaintiff. Finally, Shaw Coastal objects to the language contained in this jury interrogatory as it misstates the affirmative defense in *Faragher/ Ellerth*.
10 Defendant Shaw Coastal objects to this language as it misstates the affirmative defense in *Faragher/ Ellerth*.
11 Shaw objects to the placement of its affirmative defense under *Faragher/ Ellerth* in this verdict form; Shaw suggests that the affirmative defenses should be placed before interrogatories regarding Plaintiff's damages.  Further, the jury should be instructed on the verdict form that if they find in favor of Shaw Coastal on the affirmative damages, they should not award damages to Plaintiff.

What amounts do you fix as compensatory damages for Mr. Cherry on his claims of retaliation that will fully and fairly compensate him for the following damages as you believe from the evidence that he has sustained or is reasonable likely to endure in the future as a result of the Defendant employer's actions or inactions[12]:?

    a)    Mr. Cherry's mental and emotional distress and anguish: _____

    b)    Mr. Cherry's loss of enjoyment of life[13]: _____

    c)    Mr. Cherry's embarrassment[14]:_____

    d)    Mr. Cherry's humiliation[15]: _____

    e)    Mr. Cherry's medical expenses; past, present and future, including psychiatric or psychological care and services[16]:_____

*Plaintiff's Claim for Retaliation under the Louisiana Whistleblower Statute Against Shaw Coastal*
Reprisal:

*15. Did Plaintiff engage in protected activity as a whistleblower?*

                        *Yes _____ No _____*

*16. Did Defendant Shaw Coastal violate a Louisiana law?*

                        *Yes _____      No _____*

17.    Do you find that Shaw subjected Mr. Cherry to unlawful reprisal?

                        Yes _____      No_____

---

12 Defendant Shaw Coastal objects to this language as it is not contained in the Fifth Circuit model verdict form.
13 Defendant Shaw Coastal objects to this element of damages as not applicable in this case and is not contained in the Fifth Circuit model verdict form.
14 Defendant Shaw Coastal objects to this element of damages as not applicable in this case and is not contained in the Fifth Circuit model verdict form.
15 Defendant Shaw Coastal objects to this element of damages as not applicable in this case and is not contained in the Fifth Circuit model verdict form.
16 Defendant Shaw Coastal objects to this element of damages. Plaintiff has not incurred any medical expenses, has not been treated by a psychiatrist and/or psychologist and there will be no evidence to establish a claim for future medical expenses.

*18.*     *Did Plaintiff suffer damages as a proximate or legal result of whistleblower retaliation?*

                    *Yes* _____ *No* _____

**If your answer is yes, please proceed to answer below.**
What amounts do you fix as compensatory damages for Mr. Cherry on his claims of reprisal that will fully and fairly compensate him for the following damages as you believe from the evidence that he has sustained or is reasonable likely to endure in the future as a result of the Defendant employer's actions or inactions[17]:?

   a)   Mr. Cherry's mental and emotional distress and anguish: _____

   b)   Mr. Cherry's loss of enjoyment of life[18]: _____

   c)   Mr. Cherry's embarrassment[19]:_____

   d)   Mr. Cherry's humiliation[20]: _____

   e)   Mr. Cherry's medical expenses; past, present and future, including psychiatric or psychological care and services[21]:_____

*19. Did Plaintiff bring this claim in bad faith?*

                    *Yes* _____ *No*_____

Constructive discharge[22]:

*20.*     Do you find that Mr. Cherry was constructively discharged?

                    Yes _____     No _____

**If your answer is yes, please proceed to answer below.**

What amounts do you fix as compensatory damages for Mr. Cherry on his claims of retaliation that will fully and fairly compensate him for the following damages as you believe from the

---

17 Defendant Shaw Coastal objects to this language as it is not contained in the Fifth Circuit model verdict form.
18 Defendant Shaw Coastal objects to this element of damages as not applicable in this case.
19 Defendant Shaw Coastal objects to this element of damages as not applicable in this case.
20 Defendant Shaw Coastal objects to this element of damages as not applicable in this case.
21 Defendant Shaw Coastal objects to this element of damages. Plaintiff has not incurred any medical expenses, has not been treated by a psychiatrist and/or psychologist and there will be no evidence to establish a claim for future medical expenses.
22 Defendant Shaw Coastal objects to any jury interrogatories on constructive discharge; Plaintiff does not have a separate claim for constructive discharge, and, instead, constructive discharge is a part of Plaintiff's retaliation claim. Therefore, Shaw Coastal objects to question number 20 and any damages interrogatories on "constructive discharge."

evidence that he has sustained or is reasonable likely to endure in the future as a result of the Defendant employer's actions or inactions:?

       a)       Mr. Cherry's mental and emotional distress and anguish: _____

       b)       Mr. Cherry's loss of enjoyment of life: _____

       c)       Mr. Cherry's embarrassment:_____

       d)       Mr. Cherry's humiliation: _____

       e)       Mr. Cherry's medical expenses; past, present and future, including psychiatric or psychological care and services:_____

       **************************************************

Claims against Mr. Reasoner:

1)      Do you find that Mr. Reasoner committed a battery or batteries upon Mr. Cherry?

              Yes _____       No _____

**If your answer is yes, please proceed to answer below.**

What amounts do you fix as compensatory damages for Mr. Cherry on his claims of battery that will fully and fairly compensate him for the following damages as you believe from the evidence that he has sustained or is reasonable likely to endure in the future as a result of Mr. Reasoner's actions?

       a)       Mr. Cherry's mental and emotional distress and anguish: _____

       b)       Mr. Cherry's loss of enjoyment of life: _____

       c)       Mr. Cherry's embarrassment:_____

       d)       Mr. Cherry's humiliation: _____

       e)       Mr. Cherry's medical expenses; past, present and future, including psychiatric or psychological care and services:_____

Assault:

1)      Do you find that Mr. Reasoner assaulted Mr. Cherry?

              Yes _____       No _____

**If your answer is yes, please proceed to answer below.**

What amounts do you fix as compensatory damages for Mr. Cherry on his claims of assault that will fully and fairly compensate him for the following damages as you believe from the evidence that he has sustained or is reasonable likely to endure in the future as a result of Mr. Reasoner's actions?

      a)      Mr. Cherry's mental and emotional distress and anguish: _____

      b)      Mr. Cherry's loss of enjoyment of life: _____

      c)      Mr. Cherry's embarrassment:_____

      d)      Mr. Cherry's humiliation: _____

      e)      Mr. Cherry's medical expenses; past, present and future, including psychiatric or psychological care and services:_____

Intentional Infliction of Emotional Distress:

1)      Do you find that Mr. Reasoner intentionally inflicted emotional distress on Mr. Cherry?
           Yes _____        No _____

**If your answer is yes, please proceed to answer below.**

What amounts do you fix as compensatory damages for Mr. Cherry on his claims of intentional infliction of emotional distress that will fully and fairly compensate him for the following damages as you believe from the evidence that he has sustained or is reasonable likely to endure in the future as a result of Mr. Reasoner's actions?

      a)      Mr. Cherry's mental and emotional distress and anguish: _____

      b)      Mr. Cherry's loss of enjoyment of life: _____

      c)      Mr. Cherry's embarrassment:_____

      d)      Mr. Cherry's humiliation: _____

      e)      Mr. Cherry's medical expenses; past, present and future, including psychiatric or psychological care and services:_____

***Michael Reasoner's Claims against John Cherry and Scott Thornton under Louisiana law.*** [23]

---

[23] Plaintiff and Mr. Thornton object to the proposed interrogatories by Mr. Reasoner as he does not include any questions regarding whether or not the statements by them were, in fact, defamatory. Additionally, the proposed interrogatories do not include a reference to the affirmative defense of qualified privilege and do not include Shaw as a potentially liable party.

1. Did the statements made by John Cherry alleging sexual harassment by Michael Reasoner's defame Michael Reasoner?

ANSWER YES OR NO: _____
IF YOUR ANSWER IS "YES" GO TO QUESTION 3

2. Did the statements made by Scott Thornton alleging sexual harassment of John Cherry by Michael Reasoner's defame Michael Reasoner?

ANSWER YES OR NO: _____
IF YOUR ANSWER IS "YES" GO TO QUESTION 3

3. Were the statements made by John Cherry to Shaw supervisors charged with investigating his allegations of Michael Reasoner's alleged sexual harassment made in good faith?

ANSWER YES OR NO: _____
IF YOUR ANSWER IS "YES" GO TO QUESTION 4
IF YOUR ANSWER IS "NO" GO TO QUESTION 5

4. Should Michael Reasoner be awarded damages against John Cherry to compensate him for statements made by Cherry to Shaw supervisors charged with investigating his allegations of Michael Reasoner's alleged sexual harassment that were not made in good faith and, if so, in what amount?

**Damage to Reputation:** YES or NO Amount, if YES: _____
**Personal humiliation:** YES or NO Amount, if YES: _____
**Embarrassment:** YES or NO Amount, if YES: _____
**Mental anguish and suffering:** YES or NO Amount, if YES: _____

5. Were the statements made by Scott Thornton to Shaw supervisors charged with investigating John Cherry's allegations of Michael Reasoner's alleged sexual harassment made in good faith?

ANSWER YES OR NO: _____
IF YOUR ANSWER IS "YES" GO TO QUESTION 6
IF YOUR ANSWER IS "NO" GO TO QUESTION 7

6. Should Michael Reasoner be awarded damages against Scott Thornton to compensate him for statements made by Thornton to Shaw supervisors charged with investigating Cherry's allegations of Michael Reasoner's alleged sexual harassment that were not made in good faith and, if so, in what amount?

**Damage to Reputation:** YES or NO Amount, if YES: _____

**Personal humiliation: YES or NO Amount, if YES: _____**
**Embarrassment: YES or NO Amount, if YES: _____**
**Mental anguish and suffering: YES or NO Amount, if YES: _____**

7. **Did John Cherry make defamatory statements regarding Michael Reasoner's alleged sexual harassment to Shaw employees who had no duty to investigate or need to know of such alleged harassment?**

    **ANSWER YES OR NO: _____**

**IF YOUR ANSWER IS "YES" GO TO QUESTION 8**
**IF YOUR ANSWER IS "NO" GO TO QUESTION 9**

8. **Should Michael Reasoner be awarded damages against John Cherry to compensate him for defamatory statements regarding Michael Reasoner's alleged sexual harassment made to Shaw employees who had no duty to investigate or need to know of such alleged harassment for the following, and, if so, in what amount?**

**Damage to Reputation: YES or NO Amount, if YES: _____**
**Personal humiliation: YES or NO Amount, if YES: _____**
**Embarrassment: YES or NO Amount, if YES: _____**
**Mental anguish and suffering: YES or NO Amount, if YES: _____**

9. **Did Scott Thornton make defamatory statements regarding Michael Reasoner's alleged sexual harassment to Shaw employees who had no duty to investigate or need to know of such alleged harassment?**

**ANSWER YES OR NO: _____**
**IF YOUR ANSWER IS "YES" GO TO QUESTION 10**

10. **Should Michael Reasoner be awarded damages against Scott Thornton to compensate him for defamatory statements regarding Michael Reasoner's alleged sexual harassment made to Shaw employees who had no duty to investigate or need to know of such alleged harassment for the following, and, if so, in what amount?**

**Damage to Reputation: YES or NO Amount, if YES: _____**
**Personal humiliation: YES or NO Amount, if YES: _____**
**Embarrassment: YES or NO Amount, if YES: _____**
**Mental anguish and suffering: YES or NO Amount, if YES: _____**

I hereby certify that this is the unanimous verdict of all of the jurors in this matter.

Date:_____                    _____
                                                                                                   Foreperson

                                                                              Respectfully submitted,


                                                                              BY:s/_____
                                                                              Jill L. Craft, #20922, T.A.
                                                                              Crystal LaFleur, #27490
                                                                              Attorney at Law, LLC
                                                                              Counsel for plaintiff
                                                                              721 North Street
                                                                              Baton Rouge, Louisiana 70802
                                                                              (225) 663-2612
                                                                              jcraft@bitworx.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of June, 2010, I have served a copy of the above and foregoing Proposed Verdict Form with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 30th day of June, 2010.


_____s/ Jill L. Craft_____