UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN CHERRY

VERSUS

SHAW COASTAL, INC., ET AL.

CIVIL ACTION

NO. 08-228-JJB

## RULING AND ORDER

This matter is before the Court on Defendant Michael Reasoner's Motion to Alter or Amend Judgment, or in the Alternative, for New Trial (doc. 121). Plaintiff John Cherry filed an Opposition (doc. 128). There is no need for oral argument. For the following reasons, the Court GRANTS defendant Reasoner's motion.

## Background

Plaintiff Cherry originally filed suit against Reasoner and others, alleging sexual harassment, battery, and other claims. The only claim left before the court is Cherry's claim for battery against Reasoner, for which a jury awarded $10,000 in damages. Cherry's battery claims are based on the following instances of offensive touching: two incidents in which Reasoner intentionally ran his shoulder into Cherry's shoulder in a hallway, as well as incidents involving the defendant Reasoner touching the plaintiff's shoulder, hair, and leg. *See* Doc. 128, Plaintiff's Opposition.

## Analysis

According to the United States Fifth Circuit, "[w]hen a damage award is merely excessive or so large as to appear contrary to right reason, remittitur is the appropriate remedy." *Consolidated Co. v. Lexington Ins. Co.*, No. 09-30178, 2010 WL 3223137 (5th Cir. 2010), quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 586 (5th Cir. 2003). As explained in *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 183 (5th Cir. 1995),

> A verdict is excessive if it is "contrary to right reason" or "entirely disproportionate to the injury sustained." *Caldarera v. Eastern Airlines, Inc.,* 705 F.2d 778, 784 (5th Cir. 1983). While pain and suffering is not easily susceptible to monetary quantification, and the jury has broad leeway, "the sky is simply not the limit for jury verdicts, even those that have been once reviewed." *Simeon v. T. Smith & Son, Inc.,* 852 F.2d 1421, 1427 (5th Cir. 1988).

Once a court has determined that a jury award is excessive, the court may either order a new trial on damages or give the plaintiff the option of avoiding a new trial by agreeing to a remittitur or reduction of the excessive portion of the award. *Hernandez v. M/V Rajaan*, 841 F.2d 582, 587 (5th Cir. 1988). However, when a jury verdict results from "passion or prejudice," a new trial is the proper remedy. *Laxton*, 333 F.3d at 586. A court should grant a new trial when "it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." *Id.*, quoting *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). "In granting a new trial, the district court weighs all of the

evidence, and it need not view it in the light most favorable to the nonmoving party." *Id.*

To determine whether the jury's award in this case is excessive, the award at issue ($10,000 for the previously described battery) must be compared with damages awarded in other factually similar cases decided under Louisiana law. *Douglass v. Delta Air Lines, Inc.*, 897 F.2d 1336, 1339 (5th Cir. 1990). Using this framework the Fifth Circuit has noted, "excessive awards that are entirely disproportionate to the injury sustained will not be upheld." *Id.*

Under Louisiana law, battery is defined as intentional harmful or offensive contact with a person. *Caudle v. Betts*, 512 So. 2d 389, 391 (La. 1987). The actor need not act with malice or with an intent to inflict actual damage; it is enough if he intends to inflict an offensive contact without consent. *Id.*

The evidence presented establishes that Reasoner made physical contact with Cherry on more than one occasion. Reasoner carried on with these contacts even after Cherry asked him to stop. Although no physical harm occurred, a person "is liable not only for contacts that do actual physical harm, but also for those relatively minor ones, which are merely offensive or insulting." *Id.*

At issue before this court, though, is the appropriateness or excessiveness of the $10,000 jury award for the battery, despite the fact that there was no proof of physical harm to Cherry. A review of cases applying Louisiana law to similar

instances of battery indicates that the $10,000 damage award is clearly excessive.

In *Junot v. Morgan*, 818 So.2d 152 (La. App. 1st Cir. 2002), an appellate court upheld an award of $1,400 for a battery in which a male restaurant customer rubbed a female customer's back from her buttocks "all the way up [her] back," and flipped her hair, all without the woman's consent.

In contrast, the court in *Nelson v. City of Shreveport*, 921 So.2d 1111 (La. App. 2d Cir. 2006) upheld an award of $15,000 for battery, false imprisonment, and false arrest.  In *Nelson*, the defendant police officers used excessive force by striking the back of plaintiff's legs with a police baton, handcuffing plaintiff without justification, and employing a "pain compliance" technique whereby the defendants twisted plaintiff's fingers and hand while he was handcuffed. Defendants were also found to have falsely imprisoned and falsely arrested plaintiff.  *Id.* at 1114.  The award of $15,000 was the total damage amount for all of the aforementioned offenses.

In *Lowrey v. Pettit*, 737 So.2d 213 (La. App. 2d Cir. 1999), the trial court awarded $30,000 for sexual harassment, hostile work environment, and battery. The appellate court found the award was an abuse of discretion and reduced the award to $15,000.  The defendant often brushed his body against plaintiff, placed his hands on her waist and hips while she was working, tied her hair back, buttoned the front of her shirt, and attempted to pull her onto his lap and kiss her (on more than one occasion).  Just as the actions of the defendant in *Lowrey*

were more severe than those of Reasoner, the legal claims are also more pervasive, as plaintiff Cherry no longer has any claim for sexual harassment.

In *Way v. Bridges*, No. 217,602, 2006 WL 3950819, 2006 WL 3950839 (La. Dist. Ct. 2006), a man assaulted his neighbor while on a walk, pushing him down. The incident involved the defendant shouting and cursing at plaintiff, grabbing plaintiff in a bear hug, causing him to fall into a ditch. Plaintiff had physical injuries to his chest, arms, and legs. The court awarded $1,000 for pain and suffering and $5,000 for mental suffering.

In comparing plaintiff Cherry's injuries with the damages awarded in the aforementioned cases, this court notes that Cherry is entitled to some compensation for the offensive touching by Reasoner. In light of other awards given by courts applying Louisiana law on battery, this court finds that the $10,000 awarded by the jury was excessive and entirely disproportionate to the injury sustained. The award should be reduced to $1,800.

Plaintiff's Opposition cites two cases, neither of which is applicable to the present matter. First, *Pizzalotto v. Wilson*, 444 So.2d 143 (La. App. 1st Cir. 1983) involved an award for $10,000 based on egregious and dissimilar facts. The plaintiff underwent a hysterectomy without consent; the damages were awarded for removal of organs without her consent. Plaintiff's Opposition also relies on *Lugenbuhl v. Dowling*, 701 So.2d 447 (La. 1997), which involved failure of informed consent, though not a battery. Distinguishing lack of informed consent from the tort of battery, the court found that plaintiff was entitled to

$5,000 in damages for invasion of privacy and deprivation of the opportunity for self-determination in his medical care.

## Conclusion

Accordingly, the Court GRANTS defendant Reasoner's Motion to Alter or Amend Judgment or, in the Alternative, for a New Trial.

IT IS HEREBY ORDERED that Plaintiff John Cherry shall have 15 days to advise the Court whether he will accept a remittitur of $8,200 thereby reducing the award to $1,800 for the damages occasioned to John Cherry by the battery committed by defendant Michael Reasoner.

IT IS HEREBY FURTHER ORDERED that if plaintiff fails to accept the remittitur, the Court shall order a new trial solely on the issue of damages sustained by John Cherry as a result of the battery or batteries committed by Michael Reasoner.

Signed in Baton Rouge, Louisiana, on September 13, 2010.

```
              JUDGE JAMES J. BRADY
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF LOUISIANA
```