UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN CHERRY

VERSUS

SHAW COASTAL, INC., ET AL.

CIVIL ACTION

NO. 08-228-JJB

## **RULING**

This matter is before the Court on a motion (doc. 153) for entry of Rule 54 judgment, filed by plaintiff John Cherry. Defendant Shaw Coastal has filed an opposition (doc. 157). Oral argument is not necessary.

Plaintiff has filed an appeal from this court's August 3, 2010 ruling, which granted Shaw's Rule 50 motion for judgment as a matter of law, vacating the jury verdict involving plaintiff's sexual harassment claims. The court had previously granted Shaw's Rule 50 motion regarding plaintiff's claims for punitive damages, wrongful termination, retaliation, and vicarious liability for intentional torts. Plaintiff now requests that this court enter Rule 54 judgment on those claims disposed of by Rule 50 motions. The only claim remaining in this case before this court involves Cherry's battery claim against Reasoner. All claims by John Cherry against Shaw have been resolved.

Under rule 54(b), when an action presents more than one claim for relief or when multiple parties are involved, the court may direct entry of final judgment as to one or more claims or parties, if the court determines there is no just reason for delaying an appeal. The discretion of the court regarding whether to direct

entry of judgment under rule 54(b) is to be exercised "in the interest of sound judicial administration."  *Curtiss-Wright Corp. v. Gen. Electric*, 446 U.S. 1, 8 (1980).  This court is aware of the policy against avoiding piecemeal appeals but finds that in this case, judicial administration interests militate in favor of entering final judgment on plaintiff's claims against Shaw.  All of plaintiff's claims involving Shaw have been fully adjudicated, and the court finds that there is no just reason for delay.

Accordingly, plaintiff's motion (doc. 153) for entry of Rule 54 judgment is HEREBY GRANTED.  The court finds that there is no just reason for delay and that final judgment should be entered against plaintiff and in favor of Shaw regarding plaintiff's claims for sexual harassment, retaliation, wrongful termination, punitive damages, and vicarious liability.

Signed in Baton Rouge, Louisiana, on January 21, 2011.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**