UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN CHERRY                                               CIVIL ACTION NO. 08-228

VERSUS

SHAW COASTAL, INC. AND
MICHAEL REASONER

**************************************************************

**MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES,
AND COSTS ON BEHALF OF PLAINTIFF, JOHN CHERRY**

MAY IT PLEASE THE COURT:

**FACTS:**

This lawsuit was originally filed on April 21, 2008. Throughout the course of this litigation, there have been a large number of motions filed, primarily by the defendants, which necessarily required responses from Mr. Cherry. Similarly, a number of depositions were taken, including in New Orleans, Grand Isle, and Baton Rouge, Louisiana, coupled with extensive written discovery. Ultimately, this matter was heard by a 9-person jury from July 20, 2010 - July 23, 2010. The jury unanimously ruled in favor of Mr. Cherry on his claims of sexual harassment and awarded him the sum of $500,000.00 against defendant Shaw. On August 3, 2010, the district court granted defendant Shaw's Rule 50 Motion for JMOL on the sexual harassment claims, vacating the jury's verdict. The district court's decision was certified on April 18, 2011, and a timely appeal by Mr. Cherry ensued thereafter.[1] On February 4, 2012, the Fifth Circuit issued is Mandate ordering that the district court enter judgment on the jury's verdict. Judgment on the jury's verdict, pursuant to

---

[1] In the interim period between jury verdict and certification of judgment, defendant Shaw filed a number of motions, including a motion for bill of costs seeking to impose on Mr. Cherry tens of thousands of dollars in costs attributed to an "expert" which Shaw never identified anywhere throughout this litigation. Mr. Cherry opposed these motions.

the Mandate, was entered July 25, 2012.

Mr. Cherry's claims of sexual harassment arose both under Federal law, 42 U.S.C. §2000e, *et seq.*, and Louisiana law, La. R.S. 23:301, *et seq.* Both applicable Federal and State law statutes provide for the award of attorney's fees, costs, and, in Louisiana, "litigation expenses."

As more fully set forth herein and evident from the record of these proceedings, including the attachments filed in conjunction herewith, Mr. Cherry, the prevailing party, is entitled to an award of attorney's fees, all costs of these proceedings, and litigation expenses.

**LAW AND ARGUMENT:**

### 1. Attorney's fees

Fed.R.Civ.P. Rule 54(2)(B) provides, in pertinent part:

Unless a statute or court order provides otherwise, the motion [for attorney's fees and related nontaxable expenses] must:
(i)     be filed no later than 14 days after the entry of judgment;
(ii)    specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
(iii)   state the amount sought or provide a fair estimate of it; and
(iv)    disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

In this case, the Court entered final judgment in favor of Mr. Cherry on July 25, 2012, following the 5th Circuit's Mandate. That Judgment then served as the entitlement to Mr. Cherry of the attorney's fees [and costs] award as specifically provided under Rule 54.

Mr. Cherry's claims arose under both Louisiana and Federal law:

La. R.S. 23:303A:

A plaintiff who has a cause of action against an employer, . . . may file a civil suit in a district court seeking compensatory damages, back pay, benefits, reinstatement, or if appropriate, front pay, reasonable attorney fees, and court costs. . . .

42 U.S.C. §2000e-5(k):

In any action or proceeding under this title, the court, in its discretion, may allow the

prevailing party, . . . a reasonable attorney's fee (including expert fees) as part of the costs. . . .

In this case, and as itemized by the plaintiff via the Affidavit of Counsel and attachments thereto, Mr. Cherry's counsel expended $139,881.50 in attorneys fees through July 31, 2012.[2] That amount reflects 519.33 hours expended by the firm, of which over 409.93 were expended by Ms. Craft. Ms. Craft's rate is $300/hour, Ms. LaFleur's is $175/hour, and paralegal Ms. Easley's is $75/hour.

Attestations regarding Ms. Craft's hourly rate of $300/hour were obtained and are filed of record from Mr. Edward J. Walters and Mr. John W. Perry. Both gentlemen have been practicing law in Baton Rouge for over a collective 75 years. Ms. Craft attested to Ms. LaFleur's hourly rate of $175/hour. Ms. LaFleur has been a practicing attorney in Louisiana for eleven (11) years. Similarly, Ms. Easley, the firm's paralegal's hourly rate of $75/hour is well within the average for paralegal's in Baton Rouge. This is especially certain given that Ms. Easley has a College Degree, possesses a Paralegal Certification, and is a Notary Public (having taken and passed that examination on first attempt).

While this matter was undertaken on a contingency basis of 40% of the gross amounts recovered, this court may, under *Johnson*, adjust the lodestar fees of $139,881.50 upward to reflect 40% of the jury verdict, or $200,000.00.

Application of the *Johnson* factors, as each were individually addressed in counsel's Affidavit (incorporated herein fully by reference), demonstrates the reasonableness of counsel's fee. Fundamentally, it cannot escape consideration the fact that this is an employment discrimination case - deriving from an unusual subset thereof: male-on-male sexual harassment. There are currently less than a handful of attorneys in the Greater Baton Rouge area who routinely handle

---

[2]This amount does not include any continuing work which plaintiff's counsel is performing in conjunction with this case.

employment discrimination matters. Generally speaking, such cases are considered "undesirable" because they are extremely difficult, risky, expensive in terms of time and expenses, and take several years to complete. This aspect of "undesirability" also translates into length of attorney-client relationship, time limitations dictated by the circumstances, amount involved and results obtained, fixed versus contingent fee, and preclusion effect on the attorney's ability to accept other work.

Given this recognition, attorney's fees in the context of employment discrimination cases are awarded and should be awarded herein as requested.[3]

### 2. Costs

Generally speaking, 28 U.S.C. §1920 defines taxable costs as:

. . . the following:

(1) Fees of the clerk and marshall;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materiatls where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, . . .

As set forth in the Affidavit of Counsel pursuant to 28 U.S.C. §1924, all of the claimed costs were necessarily incurred in this case and the services for which the fees have been charged were actually and necessarily performed. The majority of the costs consist of copies of depositions taken in this case, including of the two (2) witnesses called by the defendant to testify by deposition - Lacy Vedros and Roy Samperi.

Similarly, regarding the charges for electronic research, Lexis-Nexis, those charges are

---

[3]See, for example, *Brooks v. Southern University*, No. 2003-CA-0231, 877 So.2d 1194, 1227-1228 (La. App. 4th Cir. 2004); *Perdue v. Kenny A*, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010): enhancement for superior performance of counsel is even possible, although rare; *McClain v. Lufkin Industries, Inc.*, 649 F.3d 374 (5th Cir. 2011)

necessarily reflective of the current nature of the practice of law.  Specifically, most legal research performed currently, is performed on-line.  Attached to counsel's Affidavit are the billings from Lexis-Nexis for this case.  The reference to "Cherry" is a reference which must be posted on log-in and is preserved at that time.  While acknowledging a current split among several courts, plaintiff contends that on-line research, either recoverable as "costs" or part of "attorneys fees", must be awarded.[4]

**CONCLUSION:**

For the reasons set forth herein, and those patent in the record, plaintiff, as prevailing party should be awarded his attorney's fees in the full amount as prayed for and, additionally, all costs, as itemized, in these proceedings.

This lawsuit carried on over a period several years.  As outlined in counsel's Affidavit, the only settlement "offer" ever proffered by defendant Shaw was that defendant Shaw "would not sue the plaintiff" in exchange for plaintiff's release of claims.

Respectfully submitted,

BY:   s/Jill L. Craft
Jill L. Craft, T.A., #20922
Crystal G. LaFleur, #27490
Amanda Love #32232
Attorney at Law, LLC
611 North Street
Baton Rouge, LA 70802
(225) 663-2612
Fax: (225) 663-2613
E-mail: jcraft@craftlaw.net

---

[4] See: 80 A.L.R. Fed. 168

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 7th day of August, 2012, I have served a copy of the above and foregoing Plaintiff's Memorandum in Support of Motion for Attorney's Fees, and Costs on Behalf of Plaintiff, John Cherry with the Clerk of Court using the CM/ECF system.

      Baton Rouge, Louisiana, this 7th day of August, 2012.

                                                  s/Jill L. Craft
                                                      Jill L. Craft