UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN CHERRY

CIVIL ACTION

VERSUS

NO. 08-228-JJB

SHAW COASTAL, INC. AND
MICHAEL REASONER

### RULING ON MOTION FOR NEW TRIAL, OR ALTERNATIVELY FOR *REMITTITUR*

This matter is before the Court on a motion for new trial, or alternatively for *remittitur* by Defendant Shaw Coastal, Inc. ("Shaw") (Doc. 178) and on a motion to dismiss Shaw's motion for new trial, or alternatively for *remittitur* by Plaintiff John Cherry ("Cherry"). (Doc. 180). Cherry has filed an opposition to Shaw's motion (Doc. 190), and Shaw has filed an opposition to Cherry's motion. (Doc. 191). Both Shaw and Cherry have filed reply memoranda in support of their respective motions. (Doc. 193 & Doc. 194). Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Court DENIES Shaw's motion for a new trial. The Court further GRANTS Shaw's motion for a *remittitur*. (Doc. 178). The Court DENIES Cherry's motion to dismiss Shaw's motion. (Doc. 180).

I.

Shaw has moved this Court for a *remittitur* of the jury's verdict of $500,000 in damages for emotional distress in favor of Cherry to a "nominal sum," or in the

1

alternative, a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. (Doc. 178-1). The following dates and events are relevant.

- July 21, 2010: At the close of Cherry's case, Shaw moved for a Rule 50 Judgment as a Matter of Law ("JMOL"). This Court granted the JMOL to the claims for punitive damages, retaliation, loss of overtime and supervisor sexual harassment claims. (Doc. 115).
- July 22, 2010: Shaw re-urged its motion for a JMOL on Cherry's state law retaliation claim, co-worker sexual harassment claim, and whether or not Shaw took proper remedial action. This Court granted Shaw's motion as to the state retaliation claim, but permitted Cherry's co-worker sexual harassment claims and the issue of whether or not Shaw took proper remedial action to go to the jury. (Doc 116).
- July 23, 2010: The jury found that Shaw was liable for failing to take timely steps to remedy the co-worker's behavior and for creating a hostile work environment. The jury assessed damages against Shaw for $500,000. (Doc. 118). Shaw renewed its Rule 50 JMOL. (Doc. 117).
  After the jury rendered its verdict, Shaw renewed its Rule 50 JMOL to the co-worker sexual harassment claim. (Doc. 117).
- August 3, 2010: This Court granted Shaw's motion and vacated the jury's verdict. (Doc. 119).
- September 1, 2010: Cherry filed a notice of appeal. (Doc. 130).

- January 21, 2011: This Court, on Cherry's motion for entry of a Rule 54 judgment, entered final judgment. (Doc. 158).

- February 4, 2011: The United States Court of Appeals for the Fifth Circuit granted Shaw's motion to dismiss Cherry's appeal for lack of jurisdiction without prejudice. (Doc. 161).

- February 7, 2011: Cherry filed a notice of appeal. (Doc. 160).

- April 13, 2011: The Fifth Circuit granted Shaw's motion to dismiss Cherry's appeal for lack of jurisdiction. (Doc. 167).

- April 18, 2011: This Court, pursuant to a letter from Cherry's counsel and the Fifth Circuit Mandates (Docs. 161 & 167) entered final judgment. (Doc. 168).

- April 25, 2011: Cherry filed a notice of appeal. (Doc. 169).

- January 19, 2012: The Fifth Circuit affirmed this Court's dismissal of Cherry's claims for punitive damages, retaliation, and supervisor sexual harassment, but vacated the judgment of this Court vacating the jury's verdict. The Fifth Circuit ordered that this Court enter judgment for Cherry on the jury's conclusion that Cherry was sexually harassed and that his employer, Shaw, failed to respond. (Doc. 175).

- July 25, 2012: This Court entered judgment in favor of Cherry for $500,000 in damages. (Doc. 177).

- August 1, 2012: Shaw filed its motion for a new trial, or alternatively, for a *remittitur*, which is the subject of this ruling. (Doc. 178).

II.

Shaw has filed this motion for a new trial, or alternatively, for a *remittitur*. (Doc. 178). Shaw argues that its motion is timely and that it is entitled to a new trial or *remittitur*. (Doc. 178-1) Shaw contends that this is the first opportunity it has had to "seek relief from this Court's judgment for damages," because prior to the Fifth Circuit's order that this Court enter judgment in favor of Cherry, no judgment had been made against Shaw. (Doc. 178-1, p. 3). Fed. R. Civ. P. 59(b) provides that a party must file a motion for a new trial within 28 days after the "entry of judgment." However, for Rule 59(b) purposes, "the second judgment prevails and begins the running of the [28] day limitations, if it is a superseding judgment making a change of substance which 'distributed or revised legal rights and obligations." *Cornist v. Richland Parish School Board*, 479 F.2d 37, 39 (5th Cir. 1973) (quoting *Federal Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-212 (1952))[1]. Because the first judgment entered by the Court was in favor of Shaw, Shaw contends that it had no prior opportunity to make a motion for a new trial. (Doc. 178-1). Furthermore, Shaw argues that Cherry's filing of a notice of appeal on February 7, 2011 divested this Court of

---

[1] The parties argue extensively about whether Shaw's reliance on *Cornist* is proper and whether *Cornist* is an applicable statement of law. The Court finds that it is, and will not entertain any further arguments about it.

4

jurisdiction. Shaw cites *Griggs v. Provident*, noting that filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident*, 459 U.S. 56, 58 (1982). Shaw argues that this Court regained jurisdiction after the 5th Circuit remand, and the first judgment against Shaw was entered on July 25, 2012. Therefore, Shaw contends that it had 28 days after July 25, 2012 to file a Rule 59(b) motion, and by filing this motion on August 1, 2012, Shaw filed timely.

Cherry argues in his motion to dismiss Shaw's motion[2] that Shaw has not filed timely to move for a new trial and/or *remittitur*. (Doc. 180-1). Cherry contends that after the jury was discharged, Shaw indicated that it would like to renew its Rule 50 JMOL, but did not file an additional Rule 50 JMOL motion, nor did it file a motion for a new trial. Cherry points out that during the appellate process, Shaw never asked for a reduction of the verdict or "any other reconsideration afforded via new trial considerations." (*Id.*, p. 3). Cherry argues that because this Court entered its first final judgment on this matter on April 18, 2011, the time limitations to file a motion for a new trial and/or *remittitur* began to run. Cherry points to Rule 59(a), noting that the court, on motion, may "grant a new trial . . . after a jury trial," but also points to Rule 59(b), which provides that

---

[2] The parties argue about whether Cherry's filing of a motion to dismiss Shaw's motion was procedurally proper, but this is not a relevant issue for the Court's purposes and will not be addressed.

the time line for this motion is within 28 days after the entry of judgment. F.R.C.P. 59(a) & 59(b).

Cherry cites *Arenson v. Southern Law Center* to support its contention that Shaw should have filed a conditional motion for a new trial in the event that the JMOL was reversed by an appellate court. *Arenson v. Southern Law Center*, 43 F.3d 194, 198 (5th Cir. 1995) (finding that "the party who would obtain [JMOL] must request a new trial along with the motion for [JMOL] and must obtain a ruling for the benefit of the appellate court in case the [JMOL] is reversed, or otherwise lose the right to the new trial." *Id.*). Cherry also cites *Jennings v. Jones*, a First Circuit case, for support for its "use-it-or-lose-it" rule. *Jennings v. Jones*, 479 F.3d 110 (1st Cir. 2007). However, the *Jennings* court subsequently vacated its opinion, "eliminat[ing] the portion of the original panel opinion concluding that the defendant had abandoned his motions for a new trial and a remittitur." *Jennings v. Jones*, 499 F.3d 1, 1 (1st Cir. 2007).

In its response, Shaw objects to Cherry's reliance on bad law[3], notably *Jennings*. Shaw additionally objects to Cherry's reliance on *Arenson*, urging the Court that the facts of *Arenson* are inapplicable to the facts here. In *Arenson*, the defendants made a JMOL motion and a motion for a new trial, and while the district court granted the JMOL, the court did not address the motion for a new

---

[3] The parties argue extensively about whether the cases relied upon are good law or bad law, and whether they are applicable.

trial. *Arenson*, 43 F.3d at 195. On appeal, the Fifth Circuit reversed the JMOL. *Id.* at 195-96. The defendant "sought a ruling from the district court on its motion for a new trial," and the district court granted the motion. *Id.* at 196. The plaintiff appealed to the Fifth Circuit, "arguing that the defendants waived the motion for a new trial by failing to seek a ruling on it in the district court and by failing to appeal the district court's omission," but the Fifth Circuit dismissed for lack of jurisdiction. *Id.* The parties re-tried the case, and the district court entered judgment for the defendants and denied the plaintiff's motion for a new trial. *Id.* On appeal, the Fifth Circuit noted that it was error for the district court not to rule on the new trial motion when it ruled on the motion for the JMOL. *Id.* Additionally, the Fifth Circuit found that when the "defendants failed to seek a ruling from the district court on their motion for new trial and failed to mention the new trial motion on appeal, they abandoned the motion." *Id.* Shaw urges that this decision focused on the "right to appeal, not the right to file a motion for new trial," and cites language from the opinion to support this argument. (Doc. 191, p. 8). Specifically, Shaw cites "the party who would obtain [JMOL] must request a new trial along with the motion for [JMOL] and must obtain a ruling for the benefit of the appellate court in case the [JMOL] is reversed, other *otherwise lose the right to appeal.*" (Doc. 191, p. 8, citing *Arenson*, 43 F.3d at 198, emphasis added). However, this emphasized language never appears in the Fifth Circuit's opinion. Rather, the Fifth Circuit said "otherwise lose the *right to the new trial.*" *Arenson*,

43 F.3d at 198 (emphasis added). Despite the misquoting of the Fifth Circuit, Shaw correctly notes that the facts of this case are distinguishable from the facts in *Arenson*. Unlike the defendants in *Arenson*, Shaw never filed a motion for a new trial when it orally renewed its motion for a JMOL[4]. (Doc. 191). Additionally, although the Fifth Circuit stated that the movants "failed to 'use' their right to seek a new trial by failing to obtain a ruling after the grant of judgment as a matter of law . . . movants have lost the right to seek a new trial after the judgment as a matter of law was reversed. *Because Rule 50(c) was not followed, the district court erred in granting a new trial on remand.*" *Arenson*, 43 F.3d at 198 (emphasis added). Rule 50(c) provides that if a court "grants a renewed motion for [JMOL], it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed." Fed. R. Civ. P. 50(c)(1).

    Cherry argues that Shaw's argument that this Court was divested of jurisdiction when Cherry filed an appeal is incorrect. (Doc. 190). Cherry cites Fed. R. App. 4, and argues that this rule "makes it clear that the trial court is not divested of jurisdiction, during which a Motion for Judgment under 50(b) and/or motion for a new trial under Rule 59 are pending." Cherry contends that this rule provides that a notice of appeal does not become effective until "the order

---

[4] Shaw also points out that at least one other circuit has declined to follow the reasoning in *Arenson*. *See Freund v. Nycomed Amersham*, 347 F.2d 752, 765 (9th Cir. 2003).

Case 3:08-cv-00228-JJB-RLB    Document 197    10/31/12    Page 8 of 13

disposing of the last such remaining motion is entered." (Doc. 190, Fed. R. App. 4(a)(B)(i)). However, Shaw argues that this only applies to pending motions, not subsequently filed motions. (Doc. 191). Shaw points out that once an appeal has been correctly filed, the district court loses jurisdiction. *See Jordan v. Federal Farm Mortgage Corp.*, 152 F.2d 642, 644 (8th Cir. 1945).

Finally, Cherry argues that because the Fifth Circuit issued a mandate to this Court to enter judgment on the jury's verdict, this Court must obey the mandate.[5] (Doc. 180-1). However, Cherry's argument is misplaced and will not be addressed.

### III.

The threshold matter for this Court to determine is whether Shaw's motion is timely. The Court finds that Shaw's motion is timely because (1) there was no reason for Shaw to ever file a motion for a new trial and/or *remittitur* prior to the July 25, 2012 judgment; (2) the July 25, 2012 judgment is a final judgment that supersedes any prior judgments; and (3) Shaw filed within the 28 days after this Court entered the adverse judgment to Shaw pursuant to the filing requirements of F.R.C.P. 59(b). Although a party may file a conditional motion for a new trial in conjunction with a motion for a JMOL, the Federal Rules do mandate this. Rule 50(c) provides that if the court "grants a renewed motion for [JMOL], it must also

---

[5] The parties argue extensively about whether the case relied upon for support was reversed, but this is a correct principle of law, and thus the Court will not entertain whether the particular cited case was reversed or not.

9

conditionally rule on any motion for a new trial." F.R.C.P. 50(c). The comments state that this provision "deals with the situation where a party joins a motion for a new trial with his motion for [JMOL], or prays for a new trial in the alternative, and the motion for [JMOL] is granted." Fed. R. Civ. P. 50, cmt to the 1963 amendments. This was the situation in *Arenson*, but not the situation here. As the Supreme Court of the United States pointed out, and Shaw correctly cites for support

> "[a] motion for judgment notwithstanding the verdict did not, at common law, preclude a motion for a new trial. And the latter motion might be, and often was, presented after the former had been denied. The rule [Rule 50] was not intended to alter the existing right to move for a new trial. . . .[i]t permits the filing of a motion for judgment in the absence of a motion for a new trial or the filing of both motions jointly or a motion for a new trial in the alternative."

*Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 250-51 (1940) (footnotes omitted).

Therefore, the Court finds that Shaw's motion is permissible, and will address the merits.

IV.

Shaw argues that it is entitled to a new trial or *remittitur* because (1) the jury's verdict is contrary to the great weight of evidence, (2) Cherry's excessive compensatory damages are not supported by the evidence, and, presumably if

10

this Court grants a *remittitur*, (3) the verdict should be reduced to $1,800[6]. (Doc. 178-1). Because the Fifth Circuit found that there was sufficient evidence to warrant the jury's findings, this Court will not disturb the Fifth Circuit's mandate and will only address arguments concerning *remittitur*.

Shaw argues that the compensatory damages are not supported by the evidence and testimony. Cherry testified that when Michael Reasoner, the perpetrator, made a sexually charged statement, it made him feel "not very good." (Doc. 178-1 Ex. 2 at 5). When Shaw failed to act timely, Cherry testified that this upset him, made him uncomfortable and he had trouble focusing on his work. (*Id.* at 9). Additionally, he testified that he had trouble sleeping and he and his wife were separated. (*Id.* at 13). Cherry stated that because he was "overcompensating," he "let someone else come into [his] life." (*Id.* at 14). Cherry also testified to having a history of anxiety and stomach problems, which worsened because of Reasoner. (*Id.* at 14-15). However, on cross-examination, Cherry stated that the infidelity leading to his separation occurred two years after the incident. (*Id.* at 18-19). Cherry did note that that at the time of the incident, they were "having troubles." (*Id.*) Additionally, Cherry stated that he did not seek treatment from any healthcare provider for emotional distress. (*Id.* at 22).

---

[6] Shaw selects this number because this Court granted a *remittitur* to co-defendant, Michael Reasoner, who was the perpetrator, in the amount of $1,800, reduced from the jury's award of $10,000.

11

To recover emotional distress damages, a plaintiff must show specific evidence of emotional distress. *Giles v. General Elec. Co.*, 245 F.3d 474, 488 (5th Cir. 2001). "[H]urt feelings, anger and frustration are part of life . . . and [are] not the types of harm that could support a mental anguish award," but damages "may be appropriate, however, where 'the plaintiff suffers sleeplessness, anxiety, stress, marital problems, and humiliation."*Id.* (citation omitted). Additionally, a plaintiff must have "more than vague allegations to establish existence of the injury." *Id.* A plaintiff is not required to have corroborating testimony, and a plaintiff's own testimony "may be sufficient to prove mental damage but only if the testimony is 'particularized and extensive' enough to meet the specificity requirement." *Hitt v. Connell*, 301 F.3d 240, 250-51 (5th Cir. 2002) (citation omitted).

V.

After having carefully considered the cases cited by both Shaw and Cherry in support of their respective arguments concerning *remittitur*, the Court, in its discretion, GRANTS Shaw's motion for *remittitur*. (Doc. 178).

IT IS HEREBY ORDERED that Plaintiff John Cherry shall have 15 days to advise the Court whether he will accept a *remittitur* of $450,000 thereby reducing the award to $50,000 for the damages occasioned to John Cherry by Defendant Shaw.

12

Case 3:08-cv-00228-JJB-RLB   Document 197   10/31/12   Page 12 of 13

IT IS HEREBY FURTHER ORDERED that if Plaintiff fails to accept the *remittitur*, the Court shall order a new trial solely on the issue of damages sustained by John Cherry.

Signed in Baton Rouge, Louisiana on October 31st, 2012.

**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

13