UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN CHERRY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 08-228-FJP-CN |
| ) | |
| SHAW COASTAL, INC. AND ) | |
| MICHAEL REASONER ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR SEPARATE TRIALS**

Defendant Shaw Coastal, Inc. ("Shaw") submits this memorandum in support of its motion for separate trials pursuant to Fed. R. Civ. P. 42(b). This Court should order separate trials as to Cherry's damages against Shaw on Cherry's coworker, hostile work environment sexual harassment claim, and Cherry's damages against Reasoner on Cherry's battery claim, in order to avoid prejudice to the defendants and to expedite, simplify, and streamline each trial.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This Court independently ordered new trials on damages for both Michael Reasoner and Shaw. (Rec. Docs. 135, 197.) The new trials on damages for each defendant cover separate, distinct claims: The new trial as it pertains to Shaw only concerns the amount of damages, if any, sustained by Cherry from coworker, hostile

work environment sexual harassment, which, according to Cherry, occurred from March 2007, through May 22, 2007.  The new trial as it pertains to Reasoner only concerns the amount of damages, if any, resulting from resulting from Reasoner's battery against Cherry, including incidents of Reasoner touching Cherry and the two "shoulder chucking" episodes, on August 30, 2007, and September 25, 2007.

**A. Shaw's Liability for Co-worker, Hostile Work Environment Sexual Harassment**

Shaw is liable for the co-worker, same-sex hostile work environment sexual harassment occasioned by Michael Reasoner. (Mandate, Rec. Doc. 175.)  All other claims against Shaw have been dismissed, including: Cherry's claim that Shaw should be held vicariously liable for the battery committed by Reasoner; Cherry's retaliation claims under Title VII and La. Rev. Stat. § 23:967; Cherry's tort claim (intentional infliction of emotional distress) against Shaw; and Cherry's damages claims for punitive damages and back/ front pay. (Rec. Docs. 88, 175.)  Therefore, the sole purpose of a new trial as it concerns Shaw is for a jury to determine whether Cherry sustained compensable emotional distress damage caused by the coworker, hostile work environment sexual harassment, and, if so, what amount of money he should be awarded in compensation.

According to Cherry, the sexual harassment began in March 2007, and ended on May 22, 2007. (Rec. Docs. 150-4, p. 593; 150-5, p. 5.)  After May 22, 2007, Reasoner and Cherry were never assigned to work together on a survey crew in the field again; Reasoner did not touch Cherry in a sexual manner; Reasoner did not send Cherry any inappropriate text messages; and, Reasoner did not ask Cherry to remove his clothing,

2

or make any comments about Cherry's body. (Rec. Doc. 150-5, pp. 5-6.)[1]  Therefore, Shaw can only be liable for Cherry's actual compensatory damages (emotional pain and suffering, inconvenience, mental anguish and/or loss of enjoyment of life) in connection with Reasoner's sexually harassing conduct occurring between March 2007, and May 22, 2007.

Importantly, the two "shoulder chucking" incidents on August 30, 2007, and September 25, 2007, are outside the relevant time period, and would not be relevant to or admissible during the new trial as Cherry's damages for the sexual harassment.

**B. Reasoner's Liability for Battery**

Reasoner has been found liable for committing a battery on Cherry. (Rec. Doc. 135.) The battery includes "two incidents in which Reasoner intentionally ran his shoulder into Cherry's shoulder in a hallway, as well as incidents involving the defendant Reasoner touching the plaintiff's shoulder, hair and leg." (Rec. Doc. 135, p. 1.)  Therefore, the new trial on damages as to Reasoner will include the incidents of Reasoner physically touching Cherry between March 2007, and May 22, 2007, but not the other incidents of sexual harassment, e.g., text messages, comments and Reasoner's invitation to Cherry to spend the night at his house. Likewise, the new trial on damages for Reasoner will also include the two physical "shoulder-chucking" incidents in August and September 2007, episodes not relevant to the damages trial against Shaw.

---

[1] After May 22, 2007, Reasoner's objectionable behavior was confined to hand gestures ("flipping him off"); laughing; coughing; and two shoulder chucking incidents. These incidents were not based upon Cherry's sex or sexual in nature, and instead were allegedly motivated by retaliation for Cherry's report of harassment.  (Rec. Doc. 150-5, pp. 6-7.) Referring to the post May 22, 2007 conduct, Cherry stated it occurred only after Reasoner sent him a letter from a lawyer to retract the statements (letter dated August 6, 2007), and further testified: *"[T]hat was retaliation. I don't think it was sexual. . . . he was trying to hurt me."* (Deposition of Cherry, Exhibit A, p. 103, lines 13-21.)

3

## II. LAW AND ARGUMENT

### A. Standard for Separate Trials

Fed. R. Civ. P. 42(b) provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial.

"Of course, neither convenience or economy is the ultimate objective: A paramount consideration at all times in the administration of justice is a fair and impartial trial to all litigants." *LoCicero v. Humble*, 52 F.R.D. 28, 29 (E.D. La. 1971) (internal citations omitted.)

The explicit language of the rule leaves the decision to order the separation of a particular issue in the sound discretion of the Court. *See Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994); *O'Malley v. United States Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); *Laitram Corp. v. Hewlett–Packard Co.*, 791 F.Supp. 113, 114 (E.D. La. 1992) ("[C]ourts have repeatedly emphasized that whether to bifurcate a trial ... is always a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis.").

The Court may consider the following factors in deciding whether to order separate trials: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *Amie v. City of Jennings*, 2005

4

WL 3007009, at *2 (W.D. La. Nov. 8, 2005). However, there are limits on the Court's ability to order separate trials under Rule 42(b). As the Court stated in *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir.1993):

> The issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice. This limitation on the use of bifurcation is a recognition of the fact that inherent in the Seventh Amendment guarantee of a trial by jury is the general right of a litigant to have only one jury pass on a common issue of fact." This rule has an additional, pragmatic basis-if two juries were allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results.

(internal citations omitted).

**B. This Court Should Order Separate Trials to Avoid Prejudice**

This Court should order separate damages trials on Cherry's damages claims against Shaw and Reasoner to avoid jury confusion and prejudice to the defendants. Cherry has separate and independent damages claims against Shaw and Reasoner, emanating from separate and independent liability claims. Shaw may be liable for emotional distress damages emanating from coworker, hostile work environment harassment, whereas, Reasoner may be liable for damages resulting from his battery. There is no common question of law, and very little cross-over or duplication of facts, between these two claims. Indeed, the relevant facts bearing on damages from Cherry's hostile work environment claim concern Reasoner's conduct from March 2007, through May 22, 2007; the gravamen of Cherry's battery claim is the two shoulder chucking incidents in August and September 2007, along with Reasoner's earlier touching of Cherry.

5

It will be difficult, if not impossible, for the jury to discern the conduct for which Shaw may be liable for damages separate and apart from the conduct for which Reasonable is liable for damages. In other words, Shaw faces the probability that a jury will find it is responsible for the *all* of Reasoner's objectionable conduct, including the two "shoulder chucking" incidents after the sexual harassment ended on May 22, 2007.

There is also the potential for prejudice to Reasoner should both claims be tried together. For instance, the admissible background facts concerning Reasoner's sexual harassment which did not involve battery (e.g. the text messages, comments, and invitation to spend the night at Reasoner's house) presumably would be admissible at the damages trial against Shaw. These facts would *not* be admissible in the damages case against Reasoner on the battery claim since they do not demonstrate or relate to a battery. The jury should not be privy to the "bad acts" of Reasoner, which they would certainly improperly consider to assess increased damages against him.

Further, since Shaw is the obvious "deep pocket" defendant, presumably with the better ability to pay an adverse judgment, a jury will likely assess higher damages against it instead of Reasoner; indeed, this is precisely what the first jury did. (See jury verdict form, Rec. Doc. 118.) This results in prejudice to Shaw, which only can be avoided if there are two separate trials on damages—one jury trial solely on the damages, if any, to be assessed against Shaw as a result of the coworker, hostile work environment sexual harassment; and, another jury trial solely on damages, if any, to be assessed against Reasoner as a result of his committing a battery on Cherry. *Cf., Elbert v. Lumberman's Mutual Casualty Co.*, 202 F.2d 744 (5th Cir. 1953) (recognizing the "known and well recognized" prejudice that "juries are more prone . . . to assess heavy

6

damages against an insurance company than against an insured" thus justifying separate trial to avoid prejudice); *DSC Communications Corp. v. Next Level Communications*, 929 F.Supp. 239, 246 (E.D. Tex. 1996) (noting, a "jury would be inclined to assess greater damages if they knew an insurance company with 'deep pockets' would ultimately pay the judgment."); *Harbury v. Hayden*, 522 F.3d 413, fn. 4 (C.A. D.C. 2008) (explaining under the Federal Tort Claims Act, applying a "scope of employment" test expansively "allows an injured tort plaintiff a chance to recover from a deep pocket employer rather than a judgment proof employee. See RESTATEMENT (THIRD) OF AGENCY § 2.04 cmt. b (2006) ('Respondeat superior. . . . reflects the likelihood that an employer will be more likely to satisfy a judgment.')").

**C. This Court Should Order Separate Trials for Convenience and Efficiency**

There will be different witnesses required for each claim; the witnesses called in support of Cherry's damages case against Reasoner will not be relevant to Cherry's damages claim against Shaw, and vice versa.  For instance, at the first trial of this matter, Wendy Falgout and Murphy Dupre testified as witnesses to the two "shoulder chucking" incidents; likewise, Cherry has identified both as potential witnesses in the damages trial in his proposed pre-trial order inserts. However, neither of these individuals witnessed the sexual harassment occurring from March 2007, through May 22, 2007, or would be able to offer any testimony relevant to Cherry's damages on his sexual harassment claim against Shaw, if any, resulting from sexual harassment. Therefore, this Court can streamline both trials by clearly defining and limiting the issues and witnesses presented in each case. This approach would no doubt expedite the trials, and promote judicial efficiency.

### III. CONCLUSION

Shaw Coastal, Inc. respectfully requests this Court order separate damages trials on Cherry's claims for damages against Shaw and Michael Reasoner. The relevant factors under Fed. R. Civ. P. 42(b) apply in favor of separate trials: since there are separate and distinct claims at issue, separate trials will avoid prejudice to the defendants, while, at the same time, assist the Court in focusing on the narrow issues in each trial, and, therefore, assist in expediting and streamlining each trial.

Respectfully submitted,

/s/ Renee Culotta
**LESLIE W. EHRET (La. Bar #18494), T.A.**
**RENEE CULOTTA (La. Bar #24436)**
Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA  70163
Telephone: 504-599-8000
Facsimile: 504-599-8100
**COUNSEL FOR DEFENDANT,**
**SHAW COASTAL, INC.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 31st day of January, 2013, electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing upon all CM/ECF registrants.

/s/   Renee Culotta